The **AMERICAN ROLEX WATCH CORPORATION and Montres Rolex, S.A., Plaintiffs-Appellants,**

v.

**RICOH TIME CORPORATION, Defendant-Appellee.**

**No. 69, Docket 73–1609.**

United States Court of Appeals, Second Circuit.

Argued Nov. 9, 1973.

Decided Jan. 4, 1974.

---

878

Siegrun D. Kane, New York City (Philip T. Dalsimer and Kane, Dalsimer, Kane, Sullivan, Kurucz & Goldstein, New York City, on the brief), for plaintiffs-appellants.

Arthur M. Handler, New York City (Michael C. Silberberg and Golenbock & Barell, New York City, on the brief), for defendant-appellee.

Before WATERMAN, FRIENDLY and TIMBERS, Circuit Judges.

PER CURIAM:

Appellants are Montres Rolex, S. A., the well known Swiss manufacturer of the famous Rolex watches, and its American distributor, The American Rolex Watch Corporation (together referred to hereinafter as "Rolex"). They sued appellee, Ricoh Time Corporation (hereinafter, "Ricoh"), in the Southern District of New York in an action brought under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1970). The complaint sought injunctive relief and damages based on alleged trademark infringement and unfair competition arising from Ricoh's use on its wrist watches of a "trident" mark said to have infringed Rolex's "crown" mark used on its watches, and from Ricoh's use of a general configuration similar to that used by Rolex. After a three day bench trial before Harold R. Tyler, Jr., *District Judge,* the judge made findings of fact and conclusions of law and ordered that judgment be entered dismissing the complaint. Since we are satisfied that the district court's findings of fact are not clearly erroneous and that its application of the controlling law to the facts was correct, we affirm.

The district court's essential findings of fact may be briefly summarized: the configuration of Rolex watches is not unique and it had been on the market for many years; Rolex failed to establish any secondary meaning for the configuration of its watches; Ricoh had clearly labeled its product as such and had not attempted to palm it off as a product of Rolex; Ricoh's trident mark is not so similar to Rolex's crown mark as to give rise to confusion; and there was no likelihood that an appreciable number of average prudent purchasers of wrist watches would confuse Ricoh's watch with the Rolex watch in view of, among other things, the widely disparate prices and marketing practices. We hold that these findings are not clearly erroneous, but are supported by substantial evidence.

█ Rolex's only hope of prevailing was to show that Ricoh's trident mark violated Rolex's crown mark. Judge Tyler assumed *arguendo* that the crown was a strong mark. While such assumption may have been unduly favorable to Rolex, the record clearly establishes that,

whether the crown mark was strong or weak, it was not infringed by the trident mark. The number of possible designs that can be fit into the compact space on a watch is relatively small. From a distance, they all look pretty much alike; when seen nearby, they look different. Here, the color of Ricoh's trident is different from that of Rolex's crown. Furthermore, the Rolex mark manifestly is a classic crown with five prongs mounted atop an elliptical base. On the other hand, the Ricoh mark, while perhaps not a trident with which one could effectively prod, nevertheless clearly is not a crown. It is readily distinguishable from the Rolex crown in at least these important respects: it has three, not five, prongs; only two of its prongs have ball tips and these are less pronounced than the Rolex balls; it lacks the base ellipse of the Rolex mark; and its overall size is noticeably smaller than the Rolex mark, although its line segments are much thicker and darker. In short, we think the evidence was overwhelming that the marks were not confusingly similar.

■ There remains Rolex's contention that the district court erred in applying the rule of Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225 (1964), and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234 (1964). More specifically, Rolex claims that the evidence established product copying by Ricoh coupled with its use of a trade-mark and label similar to that of Rolex. We disagree.

■ Under Sears and Compco, the act of copying (even if there were proof of such) does not provide a basis for a charge of unfair competition. In both cases the Court said that a state could require that goods be labeled or that other precautionary steps be taken to prevent customers from being misled as to the source. Here appellant does not refer to any state law provisions that would require any such special labeling or other precautionary steps. And Rolex's reliance upon the interdiction of 15 U.S.C. § 1125(a) which forbids a false designation of origin appears to be misplaced in view of the prominent display of "Ricoh" on the challenged watch. Assuming careful inquiry by a prospective purchaser of a watch, such inquiry would reveal that the country of origin of Ricoh is Japan, whereas that of Rolex is Switzerland. As we said in Bose Corp. v. Linear Design Labs, Inc., 467 F.2d 304, 310 (2 Cir. 1972), "there is hardly likelihood of confusion or palming off when the name of the manufacturer is clearly displayed."

In short, we think Ricoh's watch was labeled as effectively as it could be as a practical matter. To be sure, the labeling is not very visible when the watch is seen from a distance, but that is something inherent in its being a watch rather than an automobile.

We have considered each of appellants' claims and find them to be without merit.

Affirmed.